Harper, J.
The Act of Assembly of 1T45, speaks of all guardians and trustees who shall have the care, management, or custody of the estates, real or personal, of any infants or minors; and by the eleventh clause, it is enacted, “that all and every executor, administrator, guardian or trustee ” shall receive commissions. The trustee in the present case seems to come under the very letter of the act. He- has had the custody and management of the estate of minors. It has been supposed that the allowing of commissions would be inconsistent with the determination of this Court in the case of Ravenel, administrator of Cripps, v. the Assignees of Charles Pinckney. In that case it is said, “ that the act of 1745, allowing commissions to executors, administrators, guardians, trustees, &c., embraces only that species of agents or trustees therein specifically mentioned, or such as are under the authority of the law, and the control of the Courts. Factors, commission merchants, commercial agents, and assignees, are entitled to commissions, from the usage of trade. But the private agent or assignee of an individual, is not entitled to any such claim, unless he makes it part of his contract.” We are of opinion, that in this case the trustee is such an one, as is specifically mentioned in the statute. There is an obvious distinction between the agent or assignee of individuals of full age, and capable of contracting for a proper compensation for the particular services he requires to be rendered, and the trustee of an infant, whose services may be required for a number <>f years. It is true, that the donor who settles property on an infant, might, if he thought ^proper, provide for a compensation to the trustee. But still the trustee’s services are rendered not to him, but to the infant, and he being incapable of contracting, the law fixes the compensation. The law favors provisions for infants ; and trustees in such cases, are to be encouraged to acóept and act. But, whatever the reason for the distinction may be, the law seems plainly to have made it.
We think the Chancellor mistaken in supposing that the making of regular returns to the Secretary of State’s office is, by the law, made a condition on which the trustee’s title to commissions will depend. By the executor’s law, it is expressly provided, that executors or administrators, who fail to make returns, shall forfeit their commissions. But there is no such provision in the Act we are considering. This Act provides that executors or administrators, who fail to return an inventory and appraisement, shall be liable for all the debts and legacies of the testator or intestate ; but no penalty or disability is imposed on a guardian or trustee, who shall fail to return his accounts. A default in this respect, may subject him to the censure of the Court. Perhaps, if it appeared that the estate had suffered injury from his neglect, it might be within the competency of the Court to deprive him of commissions, as a punishment. But in the present case, it appears that the estate has been managed skilfully and faithfully: and satisfactory accounts regularly kept, though not returned.
The motion to reverse the decree on this point, is therefore granted.
O’Neall, J., concurred.